JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Keven Danow, as Trustee of The Morrris Hitzig Recov.Liv. Trust, on behalf of himself and all others similary situated.

## DEFENDANTS
Comcast Corp. and Comcast Cable Communications, LLC

**(b)** County of Residence of First Listed Plaintiff: **New York County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philedelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ryan & Maniskas, LLP
Richard A. Maniskas, 995 Old Eagle School Rd., Ste. 311, Wayne, PA 19087, 484-588-5516

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC Sec. 1693
Brief description of cause:
violations of Electronic Fund Transfer Act.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: 
DOCKET NUMBER:

DATE: 11/17/2016
SIGNATURE OF ATTORNEY OF RECORD: Richard A. Maniskas (85942)

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 275 Madison Ave. #1711, New York, NY 10016

Address of Defendant: 1701 John F. Kennedy Blvd., Phila., PA 19103

Place of Accident, Incident or Transaction: New York, NY
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1693, et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
   (Please specify) 15 U.S.C. § 1693, et seq.

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Richard A. Maniskas, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 11/17/16   Richard A. Maniskas   85942
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/17/16   Richard A. Maniskas   85942
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Keven Danow, as trustee of the Morris Hitzig : CIVIL ACTION
Rev. Liv. Trust, on behalf of himself & all others :
v. :
 :
Comcast Corp. and Comcast Cable Comm., LLC : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

11/17/16             Richard A. Maniskas        Keven Danow, Trustee, et al.
**Date**             **Attorney-at-law**         **Attorney for**

484-588-5516         484-450-2582               rmaniskas@rmclosslaw.com
**Telephone**        **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------x

KEVEN DANOW, AS THE TRUSTEE OF
THE MORRIS HITZIG REVOCABLE
LIVING TRUST,
on behalf of himself and all others similarly situated,

                              Plaintiff,

                   v.

COMCAST CORP. and COMCAST CABLE
COMMUNICATIONS, LLC,

                             Defendants.

-------------------------------------------------------------x

Civil Action No.

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Keven Danow, as the trustee of the Morris Hitzig Revocable Living Trust, on behalf of himself and all others similarly situated, through his undersigned attorneys, files this Class Action Complaint against Defendants and alleges on actual knowledge as to his own acts and on information and belief after due investigation as to all other allegations:

## NATURE OF THE ACTION

1. Plaintiff brings this class action against Defendants Comcast Corp. and Comcast Cable Communications, LLC (collectively, "Comcast") on behalf of all former Comcast customers whose bank accounts have been illegally accessed and funds withdrawn subsequent to the termination of the service contract between the parties, and where the former customer owed Comcast no unpaid legitimate charges. The Complaint asserts common law and certain statutory claims, including violations of the Electronic Fund Transfer Act, 15 USC § 1693 et seq., and the New York General Business Law, § 349.

1

2. Defendants' method of operation and business model includes engaging in unfair conduct aimed at its customers. Comcast's actions have included, *inter alia*, overbilling, misrepresenting the basis of charges it has imposed on customers, and assessing phantom charges which it illegally imposes on its customers.

3. Comcast service has prompted thousands of complaints to the Company, many of which go unresolved. Complaints include the failure to honor advertised deals; switching customers to higher cost services without their consent; cancelling customers without their knowledge and then failing to reinstate them; charging for bogus or non-existent service calls and then refusing to delete the charges. Customers often find it impossible to get any satisfaction. Customer service at Comcast's walk-in facilities is generally plagued by long-lines. Many consumer complaint websites are filled with complaints over Comcast's wrongful business practices. (See, https://comcast.pissedconsumer.com/).

4. So also, a recent class action has been filed against Comcast in the United States District Court for the Northern District of California, entitled *Adkins v. Comcast Corporation*, Case No. 3:16-cv-05969-EDL, alleging that Comcast engages in a pattern of misrepresenting fees it charges as taxes or as government mandated, when in fact they were not.

5. In *In the Matter of Comcast Corporation*, before the Federal Communications Commission, File No. Eb-IHD-15-00018079 (October 11, 2016) the FCC found and Comcast agreed to a Consent Decree prohibiting the Company from further violating the Commission's long-standing rule on negative options. Comcast had been loading up its customers with expensive unordered cable programming and hardware, refusing to cancel the unordered items and refusing to refund payments made for the unordered items. This conduct was coupled with a customer support culture which could only be described as uncaring and hostile.

6. On August 1, 2016, the Washington Attorney General filed suit against Comcast. The press release announcing the suit stated:

> AG ANNOUNCES LAWSUIT AGAINST COMCAST FOR MORE THAN $100 MILLION
>
> *First-of-its-kind suit alleges nearly 2 million Consumer Protection Act violations; seeks refunds for more than 400,000 Washingtonians*
>
> **SEATTLE** — *Attorney General Bob Ferguson filed a lawsuit today against cable television and Internet giant Comcast Corporation in King County Superior Court, alleging the company's own documents reveal a pattern of illegally deceiving their customers to pad their bottom line by tens of millions of dollars.*
>
> *The lawsuit accuses the company of more than 1.8 million violations of Washington state's Consumer Protection Act (CPA), including misrepresenting the scope of its Service Protection Plan, charging customers improper service call fees and improper credit screening practices.*
>
> *The lawsuit also accuses Comcast of violating the CPA to all of its nearly 1.2 million Washington subscribers due to its deceptive "Comcast Guarantee."*
>
> *The lawsuit is the first of its kind in the nation — though the Service Protection Plan is a nationwide program and many of the improper practices are used in all of Comcast's markets. The Attorney General's Office brought these issues to Comcast over a year ago, but the company didn't begin to make changes until recently — on the verge of this litigation.*
>
> *"This case is a classic example of a big corporation deceiving its customers for financial gain," Ferguson said. "I won't allow Comcast to continue to put profits above customers — and the law."*

7. The Washington AG lawsuit describes classic Comcast deceptive business dealings. In an effort to get its customers to sign up for its Service Protection Plan (the "SPP") the Company claimed that one would not pay for any service call related to any wiring issues inside one's home, labelling the coverage "comprehensive". Actually, the coverage was very limited and did not apply to wiring inside the walls of a home. Nor did it cover any repairs to customer owned

3

equipment. The Company claimed it also covered a tech visit to address any Comcast equipment outside the home, although this was already covered under the basic agreement. Approximately 500,000 Washington customers bought the plan, paying Comcast $73 million. In addition, Comcast charged many customers fees for the repair of Comcast equipment, when it had no right to do so. Finally, the Company demanded deposits from new customers to avoid a credit check but wrongfully ran credit checks anyway. The AG seeks restitution from Comcast of $100 million.

8. Having engaged in deceptive and unfair trade practices as a core component of its business, Comcast has now targeted former customers, who no longer have any business relationship with Comcast. Comcast has illegally accessed former customers' bank accounts months or years after the end of any business relationship between the parties and absconded with funds on deposit.

9. In the Plaintiff's case, his step-father was a Comcast customer who died in 2014. The Comcast account was cancelled shortly thereafter. However, in 2016 Comcast illegally began to make recurring automatic fund withdrawals from the subject trust bank account (that had been used to pay the Comcast bill up until 2014), despite the fact that the business relationship between the parties had ended *years before* and the decedent owed nothing to Comcast.

10. When Plaintiff called Comcast to complain of the charges made in 2016 to the aforementioned bank account, Comcast refused to address Plaintiff's grievance, on the ground that there was no active account for years, and therefore no business relationship.

11. Plaintiff seeks damages for himself and the Class as defined below and an injunction to prevent Comcast from absconding with further funds from former customers.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over the subject matter of this action as to the Electronic Fund Transfer Act ("EFTA") claims pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331. Jurisdiction also exists under 28 U.S.C. § 1332(d), the Class Action Fairness Act. Plaintiff's citizenship (New York) is different from that of Comcast Corp. which is incorporated in Pennsylvania and has its corporate headquarters there as well, and different from that of Comcast Communications, LLC, which is wholly-owned by Comcast Corp., is headquartered in Philadelphia, Pennsylvania, and is a citizen of Pennsylvania. The amount in controversy exceeds the sum of $5,000,000, as Comcast has over 22 million cable TV subscribers, of whom millions have discontinued service during the relevant period(s), and (as my be inferred from the widespread nature of defendants' previous billing schemes) have been subjected to unauthorized post-contract billings in amounts totaling many millions of dollars.

13. There is complete diversity between Plaintiff and Defendants and in addition, Plaintiff's request for injunctive relief has a value or cost in excess of $75,000, exclusive of fees or costs.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendants reside in this district, and this is the District in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. The Defendants regularly transacted and continue to transact business in this district.

15. This Court has *in personam* jurisdiction over the Defendants because, *inter alia,* Defendants have continuously transacted business in this district over many years; maintained continuous and systematic contacts in this district prior to and during the class period; and purposefully availed itself of the benefits of doing business in this district.

## PARTIES

16. Plaintiff Keven Danow is an individual and a resident and citizen of New York. He is the Trustee of the Morris Hitzig Revocable Living Trust. Morris Hitzig, (the "Decedent") died in 2014. Decedent had a contract with Comcast to deliver television services to Decedent. Upon Decedent's death, that contact was duly terminated. Plaintiff has not been able to recoup money subtracted from the account at issue, and has suffered real and concrete harm.

17. Defendants operate as media and technology companies providing cable television, telephone and internet services. Their executive offices are located at One Comcast Center, 1701 JFK Boulevard, Philadelphia, PA 19103.

## FACTUAL ALLEGATIONS

18. This lawsuit concerns Defendants' unlawful and improper deductions of money from non-customers by charging their bank accounts long after any business dealings between the parties had terminated. Decedent's contact with Comcast was terminated by Plaintiff shortly after Decedent's death in 2014. Yet in 2016 Comcast began automatically deducting finds from the trust account on a recurrent basis illegally.

19. Defendant routinely engages in deceptive and unfair business conduct to extract money from customers to which it is not entitled. Comcast is now targeting former customers who have no business relationship with Comcast. Further, Comcast attempts to insulate itself from addressing the wrongdoing by refusing to assist anyone who is not a current customer, despite the fact that Comcast is absconding with funds from former customers.